ELIZABETH J. DAVIS ET AL., PLAINTIFFS IN ERROR, V.
JAMES A. HUSTON ET AL., DEFENDANTS IN ERROR.

1. **Foreclosure of Mortgage:** INFANT: NOTICE BY PUBLI-
   CATION. An infant of whatever age, residing with its mother,
   who is a widow and a resident of another state, will not be pre-
   sumed to have a guardian residing in this state, and in a suit
   against such infant for the purpose of foreclosing a mortgage on
   real estate situated in this state, it will be sufficient to state in
   the affidavit for service of notice by publication: "That said *
   * * * are non-residents of the state of Nebraska, and that
   service of a summons cannot be made upon them in this state."

2. **Service by Publication.** The provisions of the statute re-
   quiring the publication of notice to non-resident defendants to be
   made four consecutive weeks in some newspaper, etc., *Held*, To
   mean the same as though the language were that it should be
   printed or inserted in a weekly newspaper once in each week for
   four weeks successively, and that the publication is deemed
   complete upon the distribution of the newspaper containing its
   fourth successive weekly insertion. The paper will be presumed
   to have been published on the day of which it bears date.

3. **Acknowledgment of Deed.** The objection to a deed, that
   the acknowledgment was taken before a county clerk, is cured
   by the second section of the act approved Feb. 24, 1883. Laws
   1883, 181.

THIS was an action of ejectment brought in the district
court of Richardson county. The plaintiffs in error, who
were plaintiffs below, claimed the land in controversy, as
the widow and heirs at law of one Thomas Hodkins, de-
ceased. It was admitted upon the trial that the patent for
the land was issued and delivered by the United States to
the said Thomas Hodkins, and that he thereby became the
owner in fee simple. It was further admitted that the
plaintiffs were the widow and sole heirs at law of the said
Thomas Hodkins. The defendant Scammon claimed the
title and right to the possession of the said land as the
grantee in a deed of conveyance made by the sheriff of said
county of Richardson, under a decree of foreclosure in an

action wherein one Henry Gardner was plaintiff, and all of the plaintiffs herein were defendants. It appeared from the record that Thomas Hodkins, while he owned and occupied the land, executed and delivered to Henry Gardner a mortgage thereon to secure the payment of a certain promissory note. The said Hodkins having died, and the note being unpaid, Gardner brought suit in the district court of said county of Richardson to foreclose the mortgage, in which action the widow and heirs at law of Hodkins (plaintiffs herein) were made parties defendant. All of the defendants being non-residents of the state, service of summons was obtained by publication in a newspaper, and such proceedings were afterwards had in that action that a decree of foreclosure was rendered in favor of said Gardner, and the land was ordered sold to satisfy the same. Enoch D. Scammon, one of the defendants herein, became the purchaser at the sale, and the same having been confirmed by the court, a deed was accordingly executed and delivered by the sheriff to him. Scammon took possession of the land under said deed, and he has been in possession thereof ever since, the other defendant, James Huston, being only his tenant from year to year. Plaintiffs in error claimed that all of the proceedings in the foreclosure case were absolutely void, and that Scammon got no title under his deed. On trial below before DAVIDSON, J., judgment was entered dismissing the case.

*Martin & Gilman,* for plaintiffs in error, cited: Comp. Stat., 539, § 76. *Allen v. Saylor,* 14 Iowa, 436. *Gray v. Palmer,* 9 Cal., 638. Wade on Notice, § 1158. *Reed v. Sexton,* 20 Kan., 200. *Crowell v. Galloway,* 3 Neb., 218. *Atkins v. Atkins,* 9 Id., 191. *Keys v. McDonald,* 1 Handy, 287.

*E. W. Thomas,* for defendants in error, cited: Maxwell's Pleading and Practice, 51. 1 Nash, 82. *Olcott v. Robinson,* 21 New York, 150. *Miller v. Finn,* 1 Neb., 254.

*Howard v. Moore*, 2 Mich., 227.   Freeman on Void Jud. Sales, 109.

COBB, J.

The point is made for the plaintiffs in error that the service of process in the foreclosure case was not sufficient to bind the infant defendants, for the reason, as I understand it, that the affidavit for service by publication fails to show that the guardians of the infant defendants were non-residents of this state, or that service on them could not be made in this state; and it is urged in the brief that "there is always a presumption that when a minor has property and rights he has a guardian to protect such property and rights." If there is such a presumption, it certainly cannot prevail against the superior presumption that the surviving parent is the guardian of an infant, or that the infant would be domiciled in the same state with its guardian. Indeed, in the absence of authority, I am unable to admit the existence of a presumption that an infant who has inherited land in several different states has a guardian in each state to protect such property. The deposition of the plaintiff, Elizabeth J. Davis, one of the defendants in the the foreclosure suit, shows clearly that at the date of the taking thereof, to-wit, the twenty-eighth day of May, 1883, she was a resident of the state of Missouri, and that the other defendants are her sons and daughters. She was not interrogated as to when she became a resident of the state of Missouri. Her deposition, then, taken in connection with the affidavit of non-residence of the defendants made by the plaintiff in the foreclosure suit, raises the presumption that all of the defendants were non-residents of the state of Nebraska at the time of the commencement of the foreclosure suit. And that the infant defendants, all but one of whom were then under the age of fourteen years, were then residing with and under the natural guardianage of their

mother—their father being then dead, and they cannot be presumed to have then had any lawfully appointed guardian, certainly not within the state of Nebraska. The case of *Keys v. McDonald*, 1 Handy, 287, cited to this point by counsel for plaintiffs in error, was where the summons was personally served, of course within the jurisdiction of the court, upon the defendant, who was stated in the petition to be a minor under the age of fourteen years. Such defendant being found within the jurisdiction, there was a presumption to be negatived that there was a father, mother, guardian, or other person having the care of such infant or with whom he lived, also within the jurisdiction, who also might be served. But not so in the case at bar.

The second point presented is, that by the terms of the notice the defendants in the foreclosure suit were not allowed the statutory time in which to answer the petition of the plaintiff therein. The statute [sec. 110, p. 545, Comp. Stat.] provides as follows: "The answer or demurrer of the defendant shall be filed on or before the third Monday * * * after the return day of the summons or service by publication." Sec. 79, p. 540, provides that: "The publication must be made four consecutive weeks in some newspaper * * * ." While I do not find any case in which this language has been construed by this court, or indeed by a court of last resort in any state, yet it is well known to the profession that it has uniformly been understood in this state, the same as though the language were that the notice should be printed or inserted in a weekly newspaper once in each week for four weeks successively, etc., and that the publication is deemed complete upon the distribution of the newspaper containing its fourth successive weekly insertion. Such has been my own observation, and I am informed has been that of my two associates on the bench, each of whom has long presided at the circuit and been familiar with the rulings of our courts as well in territorial times as during the existence of our

:state government. Such construction having been uniformly placed upon the statute in question, it has become a rule of property in this state, and must be adhered to.

Upon the last point raised by the plaintiff in error, to-wit: that the sheriff's deed, having been acknowledged before the county clerk, should not have been admitted in evidence, I will only say, that, by an act of the legislature, approved February 24, 1883, Laws, 181, all acknowledgments heretofore taken by county clerks and their deputies are declared to be legal and valid. No reason is suggested why this law should not be deemed valid or have the effect to validate the deed in question, however faulty its acknowledgment under the law as it formerly stood.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.