ROBERT P. LAWSON, APPELLANT, v. JENNETTE F. GIBSON ET AL., APPELLEES.

1. **Judicial Sale:** NOTICE OF SALE. The provisions of the code which require public notice of the time and place of the sale of real estate upon execution to be given "for at least thirty days before the day of sale, by advertisement in some newspaper," etc., are not satisfied by one publication of the notice at least thirty days before the day of sale.

2. ———: ———. The word "for," as used in the section above quoted, means "during," and the notice must be published for or during thirty days before the day of sale. *Whitaker v. Baker*, 12 Kas., 493, approved.

3. **Statutes:** REPEAL BY IMPLICATION. A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable.

APPEAL from order confirming sale of real estate in the district court of Lancaster county. POUND, J., presiding.

*J. H. Foxworthy*, for appellant.

*Ricketts & Wilson*, for appellees.

MAXWELL, J.

This action was commenced in the district court of Lancaster county in 1882, and a decree of foreclosure and sale rendered in favor of the defendant and against certain real estate held by the plaintiff on a B. & M. land contract. The amount of the decree was $777.35. In October, 1884, an order of sale was duly issued on said decree and the premises appraised at the sum of $1,400, the total liens and incumbrances being $470, which, deducted from the gross amount, made the net value as found by the appraisers to be the sum of $950. The mortgaged premises were thereupon advertised for sale on the 24th of October, 1884, in the *State Journal*, of Lincoln, that the sale would take place on the 26th day of November of that year. But one publication was made. Objections were made to the confirmation of the sale upon this ground, which were overruled and the sale confirmed. This is now assigned for error.

Sec. 497 of the code provides that, "Lands and tenements taken in execution shall not be sold until the officer causes public notice of the time and place of sale to be given for at least thirty days before the day of sale, by advertisement in some newspaper printed in the county, or, in case no newspaper be printed in the county, in some newspaper in general circulation therein, and by putting up an advertisement on the court-house door, and in five other public places in the county, two of which shall be in the precinct where such lands lie. All sales made without

such advertisement shall be set aside, on motion, by the court to which the execution is returnable."

It is claimed by the appellee that *one* notice, published at least thirty days before the day of sale, is a full compliance with the statute, and *Craig v. Fox*, 16 Ohio, 563, is cited in support of that position. In that case the notice was published in the Cincinnati *Daily Enquirer* of April 15, and in the weekly of the 19th and 26th of April, and the 3d and 10th of May. The sale took place May 16 of the same year (1843). The *Daily Enquirer* circulated almost entirely in the city, and the weekly in the county adjacent, and were read by different sets of subscribers. Burchard, Ch. J., in delivering the opinion of the court, states that the notice was insufficient, because it failed to state the time and place of sale. After quoting the statute, he says (page 566): "It is urged that these words require consecutive insertions of the notice during the period of thirty days. This construction of the statute has been practiced upon very generally in many parts of the state. * * * I look, then, to the statute in order to gather the meaning and intention of the legislature. Its words will be answered, 'by one publication inserted in a newspaper thirty days before the day of sale,'" etc. This view, he states, was concurred in by another member of the court, which at that time consisted of four judges. Thus it will be seen that the question was not before the court, and the alleged decision but an expression of two of the judges. The doctrine, that in adopting the statute of another state we adopted the construction placed upon it by its highest court, therefore, need not be considered.

The question here involved was before the supreme court of Kansas in *Whitaker v. Beach*, 12 Kas., 493, and it was held that the notice must be first published at least thirty days before the day of sale, and continued in each successive issue of the paper up to the day of sale. The construction given by that court to the word "for" as equiv-

alent to "during," in connection with the words, "At least thirty days before the day of sale," we think is correct, and we adopt that construction. The meaning of the statute, therefore, is that the notice shall be published during at least thirty days before the day of sale. Not necessarily in a daily paper; a weekly, no doubt, will answer the requirements of the statute, but the publication must be continued for at least thirty days. The object of the notice is to give publicity to the sale, and thereby invite competition and secure the best price possible for the property. This can only be done by a full compliance with the statute, and the court should see to it that its terms and provisions have been substantially complied with. As this was not done in this case the judgment of the court below, confirming the sale, is reversed.

2. It is claimed by the appellant that the statute (Sec. 498 of the Code) authorizing the confirmation of sales in vacation was repealed by implication by Sec. 39 of the "Act to amend Chapter 13, of the Revised Statutes of 1866, entitled Courts," which took effect March 1, 1879, at least so far as relates to the procedure. Comp. Stat., Chap. 19. It is evident, however, that there is no repugnancy between the several provisions. A statute will not be repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable. *Foster's Case*, 6 Coke, 59. 1 Roll., 91. 10 Mod., 118. In *Stone v. Green*, 3 Hill, 472, Cowen, J., says: "A construction which repeals former statutes or laws by implication is not to be favored in any case." The law in that regard was very clearly stated by Chief Justice Gantt, in *Johnson v. Hahn*, 4 Neb., 140. See also *White v. City of Lincoln*, 5 Id., 514. *People v. Weston*, 3 Id., 323. *State v. Maccuaig*, 8 Id., 217. *Ex parte Wolf*, 14 Id., 31. In this case there is no repugnancy between the statutes, and the earlier one is not repealed by the later. The judge, therefore, had authority to confirm the

sale at chambers. *State Bank v. Green*, 8 Neb., 298. There are other assignments of error, to which it is unnecessary to refer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.