## STATE OF NEBRASKA V. CHERRY COUNTY.

FILED JUNE 21, 1899.　No. 10814.

1. **County Bonds:** Notice of Election. Under section 27, article 1, chapter 18, Compiled Statutes, notice of a proposition submitted to the electors of a county to issue bonds to build a court house must be given "for four weeks in some newspaper published in the county," in case one is printed therein.

2. ——: ——. The word "for," as employed in said section, means "during," and the notice must be published for, or during, four weeks before the day of election. Four full weeks must elapse between the date of the first publication and the day fixed for the election.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*C. J. Smyth, Attorney General,* and *George F. Corcoran,* for the state:

The court should declare the bonds invalid on the ground that the notice of the election at which they were voted was insufficient. (*Lawson v. Gibson,* 18 Neb. 137; *State v. Cornell,* 54 Neb. 647; *Early v. Doe,* 16 How. [U. S.] 609; *Whitaker v. Beach,* 12 Kan. 492; *McCurdy v. Baker,* 11 Kan. 111; *Knox County v. Ninth Nat. Bank,* 147 U. S. 91; *State v. Yellow Jacket,* 5 Nev. 415; *Savings & Loan Society v. Thompson,* 32 Cal. 347; *Bunce v. Reed,* 16 Barb. [N. Y.] 347; *Market Nat. Bank v. Pacific Nat. Bank,* 89 N. Y. 397; *Richardson v. Bates,* 23 How. Pr. [N. Y.] 516; *Bacon v. Kennedy,* 56 Mich. 329; *Boyd v. McFarlin,* 58 Ga. 208; *Williams v. Board of Supervisors,* 58 Cal. 237; *Hill v. Faison,* 27 Tex. 428; *Pisar v. State,* 56 Neb. 455; *Nebraska Land, Stock-Growing & Investment Co. v. McKinley-Lanning Loan & Trust Co.,* 52 Neb. 410.)

*A. M. Morrissey, contra.*

Cases cited by the county attorney are reviewed in the opinion.

NORVAL, J.

The electors of Cherry county, at the general election held in said county in November, 1898, voted upon, and carried, the proposition to issue $12,000 in county bonds for the purpose of erecting a court house. The bonds were issued by the authorities of the county, and were by the auditor of public accounts registered in his office. The board of educational lands and funds agreed with the county authorities to purchase the bonds as an investment for the permanent school fund in case the bonds were legal and valid obligations. A dispute having arisen between said board and the county with respect to the validity of said bonds, the matter was submitted to the district court of Lancaster county for adjudication, upon an agreed statement of the facts, under the provisions of section 567 of the Code of Civil Procedure. From the decision and judgment holding the bonds legal and valid the state has prosecuted error.

The single question presented by the record is whether the notice calling the election at which the proposition to issue the bonds was voted upon was published as required by the statute. The notice was inserted in four successive weekly issues of the *Republican*, and also in the *Western News Democrat*, newspapers published at Valentine, in the county of Cherry. In the *Republican* the first publication was October 14, 1898, and, on the day preceding, the election notice first appeared in the *Western News Democrat*. The election was held on November 8, or before the expiration of the four full calendar weeks after the first publication of the notice. The statute, section 27, article 1, chapter 18, Compiled Statutes, declares *inter alia:* "The mode of submitting questions to the people for any purpose authorized by law shall be as follows: The whole question, including the sum desired to be raised, or the amount of the tax desired to be levied, or the rate per annum, and the whole regulation, including the time of its taking effect, or having operation, if it be

of a nature to be set forth, and the penalty of its viola-
tion, if there be one, is to be published for four weeks in
some newspaper published in the county." The provis-
ions quoted govern and control the submission, to the
vote of the electors of Cherry county, of the proposition
to issue the bonds in question. ' Of this there is no room
for doubt. The present controversy arises over the mean-
ing of the words in the portion of the section quoted
above, "for four weeks in some newspaper published in
the county," the contention of the county attorney being
that the publication is complete upon the distribution of
the newspaper containing the fourth weekly insertion of
the notice, while the attorney general argues that the
first publication must be made at least four weeks, and
the last insertion one week, prior to the election; in other
words, the notice is incomplete until four weeks have
elapsed after the first publication. We are not aware
that the precise point ever has been adjudicated by this
court, although questions of a somewhat similar nature
have been passed upon.

In *Lawson v. Gibson*, 18 Neb. 137, the court construed
section 497 of the Code of Civil Procedure, which provides
that notice of the sales of lands upon execution shall be
given "for at least thirty days before the day of sale, by
advertisement in some newspaper printed in the county,"
etc., and it was held that the statute was not satisfied by
one insertion of the notice at least thirty days before the
day of sale, but that the word "for" in the section means
"during," and that the notice is required to be published
during the thirty days. *Whitaker v. Beach*, 12 Kan. 492,
cited in the opinion in that case, fully sustains the doc-
trine.

In *State v. Cornell*, 54 Neb. 647, the word "for" in the
phrase "for each fiscal year," in section 20, chapter 28,
Compiled Statutes, was construed to be the equivalent of
the word "during."

Section 2, chapter 50, Compiled Statutes, declares that
no action shall be taken upon an application for a license

to sell intoxicating liquors "until at least two weeks' notice of the filing of the same has been given by publication in a newspaper published in said county having the largest circulation therein." In *Pisar v. State*, 56 Neb. 455, the notice of an application for a saloon license was published for two successive weeks, and the license was granted the fourteenth day after the first publication. In that case, in an opinion by IRVINE, C., carefully reviewing the authorities, it was held that action could be taken only after the expiration of two weeks, and that the license was prematurely granted and was void.

These three decisions are quite in point upon the question now under consideration. The construction placed upon the statute by the county attorney wholly ignores the word "for" in section 27 under consideration. That word was inserted for a purpose, and in construing statutes it is a cardinal rule to give, if possible, force and effect to each sentence and word contained therein. Tested by this rule, what meaning should be placed on the preposition "for"? Manifestly it is equivalent to the word "during," and such is its general signification. Had the lawmakers intended that notice of the proposition submitted to a vote of the people of a county should be complete upon the fourth weekly insertion in the newspaper, they doubtless would have expressed such purpose by omitting from the statute the word "for," or by the use of some appropriate language which would more clearly express what was in the legislative mind. The statute is not complied with unless the notice is published in a newspaper during four weeks preceding the election. Four weeks must intervene between the first publication and the election. This construction is not only in line with the decisions of this court, of which mention is made above, but is fortified by the adjudications of other courts in passing upon a similar question.

The statute of New York requiring that notice to the creditors of one insolvent to show cause must be published "for six weeks successively" was under considera-

51

tion in *People v. Judges of Yates Common Pleas*, 1 Wend.
[N. Y.] 90, and it was determined that the publication
must be made for six whole weeks,—that is, during forty-
two days. To the same effect is *Bunce v. Reed*, 16 Barb.
[N. Y.] 347.

The section of the Code of Civil Procedure of New
York (section 440) requiring that the service of summons
by publication shall be made for such length of time as
may be deemed reasonable, not less than once a week for
six weeks, was construed in *Market Nat. Bank v. Pacific
Nat. Bank*, 89 N. Y. 397, and the court held that the serv-
ice was not complete until the expiration of at least six
full weeks from the time of the first publication. The
court said: "It will be perceived that the publication
must be made for a specified period of time, and when
the statute provides for six weeks, it is obvious that this
period will not elapse prior to its expiration. It does not
provide for a publication six times within six weeks, but
for a time not less than once a week for six successive
weeks. The publication evidently means rather more
than printing the notice. Its object is to give notice by
means of the newspapers, and it cannot be claimed that
such notice is given for six weeks before that time ex-
pires. Looking at the various provisions referred to, it
is a reasonable construction that the law intended a full
six weeks' publication and not six times in six different
weeks." (See *Richardson v. Bates*, 23 How. Pr. [N. Y.]
516.)

Notice of a sale of real estate for taxes was published
twelve successive weeks, the first insertion being eighty-
two days prior to the sale, under a statute requiring the
notice to be given by advertisement in a newspaper "once
each week for at least twelve successive weeks." The
supreme court of the United States, in an opinion by
Justice Wayne, in *Early v. Doe*, 57 U. S. 609, said: "The
preposition 'for' means of itself duration when it is put
in connection with time, and as all of us use it in that
way, in our every-day conversation, it cannot be pre-

sumed that the legislator, in making this statute, did not mean to use it in the same way. Twelve successive weeks is as definite a designation of time, according to our division of it, as can be made. When we say that anything may be done in twelve weeks, or that it shall not be done for twelve weeks, after the happening of the fact which is to precede it, we mean that it may be done in twelve weeks, or eighty-four days, or, as the case may be, that it shall not be done before."

In Michigan the statute requires that notice of a foreclosure sale shall be given "for twelve successive weeks," and in *Bacon v. Kennedy*, 56 Mich. 329, the notice was published twelve times in as many weeks, fixing the day of sale on a date less than twelve weeks from the first insertion of the notice. In that case it was adjudged that the statute was not complied with unless the full interval of twelve weeks has intervened between the first notice and the sale.

The Code of Georgia requires that a notice of sheriff's sale shall be published weekly for four weeks in a newspaper, and in *Boyd v. McFarlin*, 58 Ga. 208, the provision was construed, and it was ruled that the advertisement must be weekly for twenty-eight days, and if that number of days has not elapsed between the first publication of the notice and the sale, the publication is insufficient.

The fifth paragraph of the syllabus in *Hill v. Faison*, 27 Tex. 428, reads as follows: "The statute (Oldham & White, Digest, art. 1103) requiring the publication for three successive weeks of citation issuing from a justice court to an absent or transient defendant is not complied with by a publication in three successive issues of a weekly newspaper, unless the full term of three weeks, or twenty-one days, elapse between the date of the first publication and the day on which the judgment was rendered, exclusive both of the first day of publication and the return day of the writ."

The county attorney has cited three Nebraska decisions and one Nevada case. The Nebraska cases are easily dis-

tinguishable.   In *Davis v. Huston*, 15 Neb. 28, was con-
strued section 79 of the Code of Civil Procedure relative
to publication of notice to non-resident defendants, which
requires "the publication must be made four consecutive
weeks in some newspaper." It will be observed that the
preposition "for" is omitted from the language quoted,
and it was correctly decided that the publication is
deemed complete upon the distribution of the newspaper
containing the fourth successive weekly insertion of the
notice.

In *Fouts v. Mann*, 15 Neb. 172, service by publication in
a mortgage-foreclosure was made by five successive
weekly insertions in a newspaper, which was held suf-
ficient.   In that case the statute was neither quoted nor
cited, but this court evidently had in mind section 79
of the Code of Civil Procedure, which was construed in
the preceding case of *Davis v. Huston.*

In *Union P. R. Co. v. Montgomery*, 49 Neb. 429, we had
under consideration section 51, article 2, chapter 14, Com-
piled Statutes, relating to the publication of ordinances
in cities of the second class containing over 5,000 and
less than 10,000 inhabitants, and which contained this
language: "All ordinances of a general nature shall,
within one month after they are passed, be published in
some newspaper published within the city,  *  *  *  and
every ordinance fixing a penalty or forfeiture for its vio-
lation shall, before the same takes effect, be published
for at least one week in the manner above described."  In
that case the ordinance was inserted only once in a daily
newspaper, and we held the publication incomplete, and
that to meet the requirements of the statute the publica-
tion should have been continued in each issue of the
paper for one week.   In the opinion it was said: "Had
the paper in question been published weekly, then one
insertion therein doubtless would have been sufficient."
This sentence, the county attorney insists, contains the
doctrine that one publication in a weekly newspaper
means one week.   In this he has shot wide of the mark.

No such question was involved in that case, but rather the number of insertions of the ordinance it required to constitute a valid publication thereof, and it was announced that if the insertion was in a weekly newspaper one publication would suffice, but if in a daily paper it must appear in each issue for an entire week.

*Nevada v. Yellow Jacket Silver Mining Co.*, 5 Nev. 415, supports the construction for which the county attorney contends. That case was decided by a divided court, and the argument of the majority is unsound and disregards the rule for the interpretation of statutes, which requires force and effect to be given each word.

The first publication of the proposition submitting to the electors of Cherry county to vote bonds to build a court house having been made less than four weeks prior to the day of the election, the bonds were not legally voted and issued. The judgment of the district court is

REVERSED.