Stevens v. Naylor.

---

JULIA A. STEVENS, APPELLEE, V. JOSEPH W. NAYLOR ET AL., IMPLEADED WITH MARGUERITE RAND, APPELLANT.

FILED DECEMBER 20, 1905.   No. 14,045.

A notice of a judicial sale of lands must be published for at least thirty days next preceding the date of sale and must appear in all the regular issues of the paper during that period.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*C. L. Gutterson,* for appellant.

*R. A. Moore* and *James Ledwich, contra.*

AMES, C.

This is an appeal from an order of confirmation of a sale under a decree of mortgage foreclosure. The objection is with reference to the publication of the notice of sale. It was published four times consecutively in a weekly newspaper, the first insertion being on the 7th day of May, and the fourth on the 4th day of June, but the date specified in the notice for the sale and on which the latter took place was the 13th day of June, so that between the last publication and the date of the sale there was a regular issue of the paper, to wit, on the 11th day of June, which did not contain a copy of the notice. We think the case is ruled by *Lawson v. Gibson,* 18 Neb. 137. That case holds, in effect, that the notice must be published for at least 30 days preceding the date of sale and must appear in all the regular issues of the paper during that period. *State v. Cherry County,* 58 Neb. 734.

We recommend that the order appealed from be reversed and the cause remanded for further proceedings.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the order of the district court be reversed and the cause remanded for further proceedings.

REVERSED.