Claypool v. Robb.

---

ORPHA A. CLAYPOOL, APPELLEE, V. WILLIAM ROBB, APPELLANT.

FILED NOVEMBER 14, 1911.   No. 16,944.

1. **Taxation: FORECLOSURE OF LIEN: PUBLICATION OF NOTICE.** The provision of section 79 of the code that "the publication must be made four consecutive weeks" is satisfied by a publication in a weekly newspaper once in each week for four weeks successively. *Davis v. Huston*, 15 Neb. 28.

2. ——: ——: ——. But, where the notice is published in a paper having more than one issue during the week, insertion of the notice in each of the regular issues during the week is necessary to a complete publication of the notice for that particular .week.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*John A. Sheean,* for appellant.

*John N. Dryden* and *Albert Muldoon, contra.*

LETTON, J.

This is an action to set aside a deed to a tract of land, which is based upon certain tax foreclosure proceedings, and to be permitted to redeem from the lien of the taxes. The jurisdiction of the court in the foreclosure suit is attacked upon several grounds, only one of which is

necessary to be considered. The service upon the defendant in that action was by publication. The notice was published in a semi-weekly paper, which was issued on Tuesdays and Fridays. The first notice was published on Friday, February 14, 1902, and the last on Friday, March 7, 1902, and it was published in each issue of the paper in the intervening time.

The district court found that the publication of the notice was not continued for the requisite length of time, and that the court acquired no jurisdiction to foreclose the tax lien. The question involved is not free from doubt. Section 79 of the code requires that "the publication must be made four consecutive weeks." Section 80, so far as applicable, is as follows: "Service by publication shall be deemed complete when it shall have been made in the manner and for the time prescribed in the preceding section." Speaking of these provisions in *Davis v. Huston,* 15 Neb. 28, it is said by COBB, J.: "It is well known to the profession that it has uniformly been understood in this state the same as though the language were that the notice should be printed or inserted in a weekly newspaper once in each week for four weeks successively, etc., and that the publication is deemed complete upon the distribution of the newspaper containing its fourth successive weekly insertion." In *Alexander v. Alexander,* 26 Neb. 68, we construed "three weeks successively" to mean once each week for three successive weeks. Where, however, the statute requires a publication to be made "for" a certain number of days or weeks, the court has uniformly construed this to mean "during" the time specified. In *State v. Hanson,* 80 Neb. 724, 737, the previous cases are reviewed, and it is said: "Where the time mentioned by the statute expresses the duration of the notice, the same must be published for and during the time mentioned. Where, however, the time mentioned indicates only the number of times the notice is required to be published, it is satisfied if the notice is published the number of times mentioned." *Lawson v. Gibson,* 18

Neb. 137; *State v. Cornell,* 54 Neb. 647; *State v. Cherry County,* 58 Neb. 734.

It is clear that, if the paper in which the publication was made had been published weekly, a notice published on four Fridays would have been sufficient. We think, however, that, while the statutory requirement is satisfied by publication in four successive issues of a weekly newspaper, publication in the entire number of issues for each week is necessary to constitute a weekly publication in a paper having more than one issue in each week. In other words, publication in all the regular issues of the paper during the week, whether daily, semi-weekly or weekly, is necessary to the complete publication of the notice for that particular week. *Stevens v. Naylor,* 75 Neb. 325; *Union P. R. Co. v. Montgomery,* 49 Neb. 429; *Union P. R. Co. v. McNally,* 54 Neb. 112. In the cases cited the publication was required to be "for" the time specified, but we think the decision in this case does not rest upon that distinction, but on the thought that a publication is not complete for any week, unless inserted in every issue of the paper for that week. If we consider each week as beginning on Sunday, the publication for the first week was insufficient, since it did not appear in the two issues of the paper; while, if we consider that each week consists of seven days, beginning with the date of the first publication, the notice is equally insufficient, since there was a later issue of the paper in the last week of publication in which the notice did not appear.

Under this rule, it is apparent that the notice was not published four successive weeks. We are not unmindful of the fact that a number of courts have held that under a similar statute a publication in a daily or semi-weekly newspaper once in each week is sufficient, but this court has always been inclined to construe with strictness the provisions of the statute allowing constructive service. We are satisfied with the conclusion arrived at by the district court, and its judgment is

AFFIRMED.