ELLA L. DAVIES ET AL., EXECUTORS, APPELLEES, V. AMERI-
CAN INVESTMENT & TRUST COMPANY, APPELLANT.

FILED OCTOBER 17, 1913.    No. 17,314.

1. Taxation: FORECLOSURE OF LIEN: PUBLICATION OF NOTICE. A district
court is without jurisdiction to render a default decree foreclos-
ing a tax lien where service upon the owner of the land is made
by publication only, the notice having been published only seven
times in a semi-weekly newspaper. *Claypool v. Robb*, 90 Neb. 193.

2. ———: ———: VOID DECREE: RIGHT OF REDEMPTION. The payment
of all delinquent taxes, both before and subsequent to the entry
of a void tax foreclosure decree, with interest and penalties,
where the land is unimproved, is sufficient to meet the demands
of equity and enable the owner to redeem.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*William E. Shuman,* for appellant.

*E. H. Evans, contra.*

BARNES, J.

Action in the district court for Lincoln county to redeem
the northeast quarter of section 29, township 13, range 32,
situated in that county, from the lien for taxes, and to
quiet the title thereto in the plaintiffs. A trial resulted
in a decree for the plaintiffs, and the defendant has ap-
pealed.

It appears that Ella L. Davies and Elliot L. Davies are
the heirs of Thomas J. Davies, deceased, and, together
with W. H. Warner, are executors of his estate; that as
such executors they commenced this action against the
American Investment & Trust Company and others, al-
leging in their petition that Thomas J. Davies, at the time
of his death, was the owner of the land in question; that
in the year 1901 Lincoln county commenced an action of
foreclosure to subject the land to the lien for delinquent
taxes for the years 1895 to 1900, inclusive. Service was

had upon the defendant by publication. There was a decree of foreclosure, and thereafter the land was sold to Lincoln county. November 12, 1906, the county conveyed the land to Edward R. Goodman, who subsequently, with his wife, conveyed it to the defendant, the American Investment & Trust Company; that the defendant and its grantors have paid all of the subsequent taxes upon this land, and have been in possession of it ever since it was sold by the county to Goodman. Some time after the sheriff's deed conveying the land to Lincoln county had been delivered, Thomas J. Davies, who held the title to this land by an unrecorded deed at the time of the county tax foreclosure suit, died, and the plaintiffs became executors of his estate. This case was tried in the district court upon a stipulation reciting the material facts in question, and therefore nothing but questions of law are involved in this appeal.

The record contains many assignments of error, but one of which is necessary for a determination of this appeal. Service of summons in the foreclosure tax suit was by publication only, and it appears from the proof of publication that the published notice, a copy of which is in the record, was published in a semi-weekly newspaper, published and in circulation in Lincoln county. The affidavit recites: "That the notice, a copy of which is hereto attached, was published in said newspaper for four consecutive weeks, the first publication having been made on the 14th day of February, 1902, and the last on the 7th day of March, 1902; that said notice was published in the regular and entire issue of every number of said newspaper during the period and time of publication." There was no appearance by any one in the tax foreclosure suit, and in this action the trial court found that the court had no jurisdiction to render the tax foreclosure decree. It is alleged that the district court erred in this finding.

The question of the sufficiency of a like notice which was published in the same paper and for the same length of time was before this court in *Claypool v. Robb*, 90 Neb.

193, and it was there held: "The provision of section 79 of the code that 'the publication must be made four consecutive weeks' is satisfied by a publication in a weekly newspaper once in each week for four weeks successively. But, where the notice is published in a paper having more than one issue during the week, insertion of the notice in each of the regular issues during the week is necessary to a complete publication of the notice for that particular week." In the discussion of the question in the opinion there appears the following: "It is clear that, if the paper in which the publication was made had been published weekly, a notice published on four Fridays would have been sufficient. We think, however, that, while statutory requirement is satisfied by publication in four successive issues of a weekly newspaper, publication in the entire number of issues for each week is necessary to constitute a weekly publication in a paper having more than one issue in each week. In other words, publication in all the regular issues of the paper during the week, whether daily, semi-weekly or weekly, is necessary to the complete publication of the notice for that particular week. *Stevens v. Naylor,* 75 Neb. 325; *Union P. R. Co. v. Montgomery,* 49 Neb. 429; *Union P. R. Co. v. McNally,* 54 Neb. 112. In the cases cited the publication was required to be 'for' the time specified, but we think the decision in this case does not rest upon that distinction, but on the thought that a publication is not complete for any week, unless inserted in every issue of the paper for that week. If we consider each week as beginning on Sunday, the publication for the first week was insufficient, since it did not appear in the two issues of the paper; while, if we consider that each week consists of seven days, beginning with the date of the first publication, the notice is equally insufficient, since there was a later issue of the paper in the last week of publication in which the notice did not appear. Under this rule, it is apparent that the notice was not published for four consecutive weeks. We are not unmindful of the fact that a number of courts have held that under a sim-

ilar statute a publication in a daily or semi-weekly newspaper once in each week is sufficient, but this court has always been inclined to construe with strictness the provisions of the statute allowing constructive service."

The question was before us again in *Smith v. Potter*, 90 Neb. 298, where the holding in *Claypool v. Robb* was affirmed. *Smith v. Potter* was again before the court, and the opinion is found in 92 Neb. 39, where the former decision was adhered to, but it was held that the testimony showed that the notice in that case was sufficient.

It is contended by the appellant that the statements contained in the affidavit, quoted herein, that the notice had been published four consecutive weeks was conclusive. But in the light of the subsequent particular facts set forth, giving the dates and the times of publication, we think this contention is unsound. The statements contained in the affidavit should be considered together, and it follows that, where the particular facts are stated, such statement governs the general conclusion that the notice was published for four consecutive weeks. It sufficiently appears that the notice was only published seven times, whereas it should have been published eight times in order to complete the service.

It follows that the trial court was right in its finding that the court was without jurisdiction to render the tax foreclosure decree. This holding renders it unnecessary for us to determine the other assignments found in the record. It is proper, however, to say that the sheriff's deed was issued on the 21st day of July, 1902, and the county sold the land to Edward R. Goodman in November, 1906, who recorded his deed, and in October, 1907, Goodman sold the land to the defendant investment company. The decree is silent as to possession, and the land was unimproved. It is apparent, therefore, that the ten-year limitation had not expired when this action was commenced. The court required the plaintiffs to pay all of the taxes, interest, penalties and costs as a condition of redemption.

It follows that the judgment of the district court was right, and it is therefore

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.