REBECCA M. WHITE ET AL., APPELLANTS, V. PAPILLION DRAINAGE DISTRICT ET AL., APPELLEES.

FILED MAY 15, 1914. No. 18,297.

Drainage Districts: ASSESSMENTS: BENEFITS. So many questions of law are raised in the record and briefs, many of which have been heretofore decided by this court, that we have stated in the opinion our view of the law upon the points raised without formality or extended discussion, and no further syllabus is necessary.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Charles Haffke,* for appellants.

*Courtright & Sidner,* contra.

96 Neb. 16

Sedgwick, J.

The Papillion Drainage District was formed in 1909, and in August of that year the preliminary estimate of the costs of the improvements was made, and thereafter the board of directors made an apportionment of the benefits to the different tracts of land in the district. A levy and assessment were made accordingly, and afterwards these plaintiffs began this action in the district court for Douglas county to cancel the assessment and enjoin further action in enforcing the same, and to remove the apparent lien upon plaintiffs' land and quiet their title. Upon the trial the court found the issues in favor of the defendants, and dismissed the plaintiffs' action and entered judgment of foreclosure upon defendants' cross-petition, and the plaintiffs have appealed.

The plaintiffs have furnished us a printed abstract of over 200 pages and an extensive brief with many assignments discussed at large. The most important matters discussed have been heretofore decided by this court, and, although interesting and earnestly presented, we must be content with briefly referring to our former decisions. The constitutionality of the act under which this district was organized (laws 1907, ch. 153; Rev. St. 1913, sec. 1866 *et seq.*), and similar statutes, has been considered in various cases, including *Neal v. Vansickle*, 72 Neb. 105; *State v. Hanson*, 80 Neb. 724; *Drainage District No. 1 v. Richardson County*, 86 Neb. 355; *O'Brien v. Schneider*, 88 Neb. 479.

1. The law is not unconstitutional as not providing an opportunity for a hearing upon the apportionment of benefits and assessment. *State v. Hanson*, 80 Neb. 724; *O'Brien v. Schneider*, 88 Neb. 479.

2. The right of eminent domain is not involved in this action. That provision of the act is separable, and it is not necessary in this case to consider whether section 14 of the act is valid.

3. A drainage district under the act is a local, administrative political corporation. *Neal v. Vansickle*, 72 Neb. 105.

4. The directors are public officers, and the right of appeal from their decisions is provided. They are corporate authorities, within the meaning of section 6, art. IX of the constitution. The act is not unconstitutional because it gives these officers jurisdiction to apportion benefits and levy assessments.

5. There is no express provision in the act prohibiting the incorporation of two distinct watersheds in the same district. If there were error in that respect, it might be corrected on appeal, but cannot be urged in this collateral proceeding. The plaintiffs by participating in the organization of the district are estopped to now urge this objection.

6. It is now too late in this collateral proceeding to attack the authority of the directors to apportion benefits and make assessments on the ground that the record does not state that the county board formally found that the improvement would be conducive to public health, convenience or welfare.

7. If the detailed plans and estimate are insufficient they should be corrected upon the hearing of apportionment of benefits.

8. The apportionment of benefits may be made after the commencement of the work and after the contract for the work has been let. *O'Brien v. Schneider, supra.*

9. The notice of apportionment of benefits must be published at the county seat of each county, in which the lands of the district lie, for at least one week, but it is not necessary that it be published daily; if it is published in a weekly paper one week before the meeting for apportionment it is sufficient.

10. If the notice names the place of meeting in the proper county, and the meeting is there held at the place and time stated in the notice, and the apportionment of benefits agreed upon and fixed by the directors, it will not be invalid because the record of the proceedings is compiled, extended and authenticated in another county of the state.

11. Assessments are not void because some of the lands in the district are found not to be benefited, and for that reason are omitted from the assessment. *O'Brien v. Schneider, supra.*

12. Errors of the board in making the apportionment of benefits may be corrected on appeal. In a subsequent action to cancel the tax, objection to the form or letter of the findings or order of the board in determining the apportionment of benefits which are not of a jurisdictional nature will not be considered. *State v. Hanson, supra.*

13. By section 18 of the act (laws 1907, ch. 153), the board is required to "determine the amount of money necessary to be raised," but if they "apportion the same in dollars and cents against the tracts," and the amount so raised is easily ascertainable by computation, the assessment will not be held void because of a failure to state specifically the amount of the assessment or the amount so raised.

14. If the publication of notice of apportionment of benefits is proved by affidavit, such affidavit must be filed within six months after the last date of publication, but the omission of such proof may be supplied by the evidence of witnesses at the trial.

15. Upon cross-petition of the defendant district the court may decree a foreclosure of the tax lien without a prior administrative sale, if the land has been once offered for sale and not sold for want of bidders. Rev. St. 1913, sec. 6559. The objection that the action to foreclose a tax lien must be in the name of the county is unavailing. The section provides that the county may "proceed to foreclose the lien," but in doing so it acts as trustee for the real parties in interest, and when the party in interest is before the court, and the court has ascertained its interest and declared the law, it would be an unnecessary formality to bring the county in as a party.

We have found no error in the record requiring a reversal and the decree of the district court is

AFFIRMED.