# Caperton *v.* Hall.

*Bill of Interpleader in Equity.*

83　171
s118 267
s118 271
s118 273

1. *Deed without attestation or acknowledgment.*—An instrument in the form of a deed, to which the name of the grantor is subscribed, but without attestation or acknowledgment (Code, §§ 2145–6), is inoperative as a conveyance; but, if fair and just, and founded on an adequate valuable consideration, it may be enforced as an agreement to convey.

2. *Conclusiveness of chancery decree.*—A decree in chancery, under which lands are sold, is not conclusive on the rights of a person who was neither a party nor privy.

3. *Partition; conclusiveness of probate decree ordering sale.*—A probate decree ordering a sale of lands for partition, is conclusive of the legal rights and interests of the respective parties, but does not affect

[Caperton v. Hall.]

their equitable rights, of which the court has no jurisdiction; at least when the petitioner (or complainant), having knowledge of those equitable rights, becomes himself the purchaser at the sale.

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. S. K. McSPADDEN.

W. H. NORWOOD, for appellant.

BROWN & KIRK, contra.

CLOPTON, J.—On a bill filed by Marcus Rudder against appellant and appellees, a decree was rendered requiring the defendants to interplead, and contest between themselves their respective claims to some money in the hands of complainant, to which he asserts no right. The money arose from the rent of land, which was leased to him by Mrs. Delaney Caperton, for the year 1885. She died in October of the same year, before the rent was payable. The claim of appellees is founded on an instrument in writing, made in 1870 by appellant and Adam Caperton, in form a deed, and purporting to convey the land to Delaney for her life, with remainder to appellees. The instrument has neither a subscribing witness, nor a certificate of acknowledgment. Under the statute, when the grantor writes his name, a conveyance for the alienation of lands must be attested by at least one witness, or there must be an acknowledgment of execution before a proper officer. We have uniformly held, that in the absence of a subscribing witness, and a certificate of acknowledgment, the conveying instrument is inoperative as a conveyance of the legal title.—*Evans v. Richardson*, 76 Ala. 329; *Stewart v. Beard*, 69 Ala. 470; *Lord v. Folmar*, 57 Ala. 615. But, though the instrument, under which appellees claim, did not pass the legal title; yet, if fair and just, and founded on a valuable and adequate consideration, it may stand, and be enforced as an agreement to convey.— *Pollard v. Maddox*, 28 Ala. 321; *Lo. & Nash. R. R. Co. v. Boykin*, 76 Ala. 560. The consideration is valuable, being the release of Delaney Caperton to terre-tenants, of her dower in the lands of her deceased husband; and its adequacy is not controverted. The instrument operates to confer on appellees an equitable title, and a consequent claim to the rent, which equity will regard and uphold, unless appellant has a prior or superior equity, or an equity connected with the legal title. The question therefore is, has appel-

lant a title to the rent in controversy, which in equity should prevail against the claim of appellees ?

The title of appellant is founded on sales by the sheriff under executions issued on decrees of the Chancery Court, and on a sale for partition under an order of the Probate Court, all of which were made after the execution of the instrument of May, 1870. The appellees were not parties to the chancery suits in which the decrees were rendered, and their rights were not concluded thereby. The order of sale in the Probate Court was made in June, 1881, on the application of appellant to sell the land, from which the rent accrued, and other lands, for partition. The petition is sufficient on its face to give the court jurisdiction, and avers that appellant and the defendants to the petition, including appellees, are tenants in common, and sets forth the interest of each. The appellees were made parties, and were represented by a guardian *ad litem*. It is insisted that these proceedings, the sale under the order, and the conveyance of the commissioners, estop the appellees from asserting a claim to the rent. The general rule, that a judgment by a court of competent jurisdiction is conclusive on the parties, as to all matters actually litigated and decided, or necessarily involved in the issue, without the ascertainment of which the judgment could not have been rendered, is applicable to such decrees.

In *Whitlow v. Echols*, 78 Ala. 206, we held that, when a decree of sale for partition is made on a petition which avers who are the co-parceners, and sets forth their respective interests, it will be presumed that the court adjudged they were tenants in common, and that their interests were as set forth, these being facts necessarily involved, and their adjudication requisite to a decree. But does the rule *operate to estop* appellees to assert, as against appellant, their equitable title to the land, or their claim to the rent? The Probate Court is a court of law. It does not possess chancery powers, and has no jurisdiction over equitable rights, when not conferred by statute. No jurisdiction is conferred to adjudicate, on a proceeding for the partition of land, or for a sale for partition, existing and special equities between the parties in respect to the land. Only the legal, not equitable rights, are involved and included in the issues in such proceedings. The operation and effect of such decree of sale are, that the parties are co-parceners, and their interests are as averred, in respect to the *legal* estate and interests, which alone are

[Haas & Bro. v. Hudmon Brothers & Co.]

within the jurisdiction of the court, and only can be properly regarded and determined. The equity created by appellant's agreement to convey the land to appellees did not become, as between them, *res adjudicata.—Pinney v. Werborn*, 72 Ala. 58; *Moore v. Winston*, 66 Ala. 296.

It may be, that such proceedings, a decree of sale, and a sale thereunder, would estop the parties from setting up an outstanding equity against a purchaser at such sale without notice. But, as we have stated, the petition for the sale was filed by appellant, who himself was the purchaser, with notice of the equity of appellees created by his own agreement; and it is not averred, nor shown, that appellees ever received any portion of the purchase-money, or that it was legally and properly appropriated to their use, on which to found an equity, though the Probate Court ascertained their shares of the purchase-money. The appellant purchased the land, subject to the equity of appellees, created by the instrument in writing which he had previously made; and he will not now be permitted to defeat or avoid the effect and operation of his agreement to convey the land, by such proceedings instituted by himself.

We do not mean to be understood as deciding that the same result would follow, if the instrument had been operative as a conveyance of the legal title. As to this we express no opinion. And have considered only the rights of appellant and appellees, without reference to any claims of other persons who are not parties.

Affirmed.