THE PEOPLE *ex rel.* Coon Run Drainage and Levee District, Plaintiff in Error, *vs.* J. H. NORTRUP *et al.* Defendants in Error.

*Opinion filed February 20, 1908.*

1. DRAINAGE—*section 55 of Levee act applies to road districts in counties not under township organization.* The power given by section 55 of the Levee act to drainage districts to assess benefits to townships where the ditches or drains benefit a township road may be exercised with reference to road districts in counties not under township organization as well as to townships in counties under township organization.

2. SAME—*commissioners of highways in road districts are corporate authorities.* Since the revision, in 1887, of the road laws applicable to counties not under township organization, the commissioners of highways in the road districts of the county are corporate authorities in their respective districts, the same as are the highway commissioners in counties under township organization, and must levy the tax required to pay for drainage benefits properly assessed against the road district under section 55 of Levee act.

3. MANDAMUS—*highway commisioners of road district may be compelled to levy tax for drainage benefits.* Where benefits from ditching or leveeing to drain roads have been properly assessed by a drainage district against a road district, the highway commissioners of such district may be compelled by *mandamus* to levy the necessary tax, which, under section 64 of the Road and Bridge act, as amended in 1905, (Laws of 1905, p. 368,) shall not, in any one year, exceed twenty cents on each $100 of the taxable property of the district and shall be in addition to the road and bridge tax.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

WORTHINGTON & REEVE, for plaintiff in error.

J. M. RIGGS, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a petition filed in the circuit court of Morgan county by the Coon Run Drainage and Levee District for a writ of *mandamus* to the commissioners of highways of

road district No. 5, in said county, requiring the levy of a tax for the payment of the installments and interest due on an assessment against the road district of benefits on account of the construction of the ditches, drains and levees of the drainage district. A demurrer was sustained to the petition and it was dismissed. The petitioner has brought the record to this court for review by a writ of error.

The petitioner was organized under the Levee act in 1899. Morgan county was not under township organization. Road district No. 5 included about five miles of public roads within the limits of the drainage district which were benefited by the construction of the ditches, drains and levees of the drainage district, and an assessment of benefits to the amount of $500 was duly made against the road district and confirmed by the county court, which still remains in full force but no part of which has ever been paid. The assessment was divided into ten equal installments, six of which, together with interest on the whole assessment, are now due, yet the commissioners of the road district, though demand has been made upon them, have neglected and refused to pay any part of the assessment or levy a tax for that purpose.

Defendants in error contend that the alleged assessment of benefits is void because there was no authority of law for making such assessment against the road district. On the other hand, the petitioner insists that such authority is found in section 55 of the act under which it is organized. That section (2 Starr & Cur. Stat. p. 1528,) was enacted in 1885, and provides: "When a ditch, drain or levee, or other work established or repaired, or a combined system of drainage, is located by the report of the commissioners, confirmed by the court or justice of the peace, under this act, drains or levees, or proposes to drain or levee, either in whole or in part, any public or corporate road or railroad so as to benefit any of such roads so that the road-bed or traveled track or other property of such road will be improved by the con-

struction of said ditch, drain or levee, the commissioners shall apportion to the county, State, or free turnpike road to the township, if a township road, to a company, if a corporate road or railroad, such portions of the cost and expenses thereof as to private individuals, and give to the corporate authorities so benefited or proposed to be benefited, or their agents, at least ten days' written notice thereof prior to the time fixed by the jury or commissioners for hearing objections to the assessment roll, and in case there is a disagreement between the commissioners and the corporate authorities of the county, State or free turnpike road or railroad as to the amount they should contribute, then the commissioners shall refer the matter to the jury empaneled to assess damages and benefits, when they meet to correct their assessments of damages and benefits, and the jury shall then proceed to assess the damages and benefits in like manner as the lands of individuals, and no other or different notice shall be given than that required by this section and by section 19 of this act," etc.

At the time this section was incorporated in the law the board of county commissioners of Morgan county had general supervision of all its highways. (1 Starr & Cur. Stat. p. 1096.) In the control and management of them they were governed by the act of April 18, 1873. (Rev. Stat. 1874, p. 933.) They had direct charge of all the roads of the county through supervisors, whom they appointed annually, and they levied an annual tax on all the property of the county, which they appropriated for roads and bridges, as they deemed proper. No reason suggests itself why, under the terms of section 55 as above set forth, the powers of the commissioners of the drainage district were not as extensive in counties not under township organization as in those under township organization. They could apportion to the road in the one case as well as the other its proper portion of the cost and expense. In the one case the corporate authorities were the county commissioners; in the

232—20

other, the commissioners of highways of the township. When in 1887 the Road law applicable to towns not under township organization was revised, (3 Starr & Cur. Stat. p. 3604,) the county board was required, by section 16, to divide the county into road districts and number them. In these districts commissioners of highways were elected, and the districts became municipal corporations of a character similar to the commissioners of highways of townships in counties under township organization, having similar powers and performing their duties in much the same way. The commissioners of highways were given by the statute charge of the roads in their respective districts, and were as much the corporate authorities within their districts as the commissioners of highways in counties under township organization within their towns. Thereafter the drainage commissioners had the same authority to apportion to the roads benefited by the work their portion of the cost and expense thereof as before, but the corporate authorities to be dealt with were the commissioners of highways of the drainage district instead of the county board. Road district No. 5 came into existence with the corporate powers given by the statute, and thereafter the petitioner, the Coon Run Drainage and Levee District, was organized, and, proceeding under the statute, caused the benefits received by the roads of the road district to be assessed to it.

It is argued that because the section made provision for levying a tax to pay the assessment if made against a township, and made no such provision in other cases, therefore counties not under township organization were not regarded as affected by the act. It is said in *Commissioners of Highways* v. *Drainage District,* 207 Ill. 17, that the legislature intended the taxation provided by section 55 to be levied under section 15 of the Road and Bridge act, and thus provided for the levy of a specific tax for the payment of assessments of this character against the town. When section 55 was enacted the county commissioners in counties

not under township organization levied the road tax, and might appropriate it on roads and bridges, as they deemed proper. The legislature, in words equally applicable to both classes of counties, gave to the drainage district the power of making the assessment of benefits, and provided for the levy of a specific tax in case the assessment was made against a township. The fact that it left the levy in other cases to be made under the general power to assess a tax to be appropriated on roads and bridges, at discretion, does not limit the grant of power to the drainage district in such other cases. It could proceed to have the assessment for benefits made and the county board could pay it out of its general levy. Under the amendment of 1905 to section 64 of the Road law as applicable to counties not under township organization, (Laws of 1905, p. 368,) the defendants are required to include in their tax levy the amount of the benefits assessed against the road district, not to exceed twenty cents on the $100 of the taxable property of the district. The demurrer to the petition should have been overruled.

The judgment is reversed and the cause remanded to the circuit court of Morgan county, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*