CUMING COUNTY, APPELLANT, v. BANCROFT DRAINAGE DISTRICT ET AL., APPELLEES.

FILED OCTOBER 21, 1911.    No. 16,768.

1. **Drainage Districts:** APPORTIONMENT OF BENEFITS. Under the provisions of the act of 1907 (laws 1907, ch. 153) implied authority is given to apportion to the highways within a drainage district their due proportion of the cost of drainage.

2. ———: ———. The fact that the units of cost are apportioned to a whole road by its record number, instead of to that portion only of the road to be benefited, would not render the apportionment void, so long as it is limited to actual benefits.

9

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Affirmed.*

*S. S. Krake* and *A. R. Oleson,* for appellant.

*O. C. Anderson* and *Moodie & Burke, contra.*

*Courtright & Sidner, amici curiæ.*

REESE, C. J.

In the year 1909, the landowners in the northeastern part of Cuming county, together with others in Thurston and Burt counties, organized a drainage district known as the "Bancroft Drainage District," under the provisions of the act of 1907 (laws 1907, ch. 153). The board of directors made their detailed report of the apportionment of benefits, and filed the same with the county clerk. This report appears to have been made in due form, and no objection is made to it in that regard. Due notice of the filing of the report was given. The report contained the apportionment of benefits to certain roads and highways with the number of units apportioned to each road by its record number. The county of Cuming (by its representatives) appeared on the day set for the hearing, and objected to any apportionment of benefits to the public highways, as being an unconstitutional tax thereon. The total apportionment to the public highways was 800 units. The cause was certified to the district court, when it appeared that a number of the supposed roads against which units were charged were not legally established highways, and all such were excluded; the total number of units being reduced to 276. The apportionment was affirmed to that extent. The county appeals to this court.

Two questions upon the merits are here presented and argued: First, that there was no warrant of law for the apportionment of any units of benefit to the public high-

ways within the district; second, that, in case it should be held that there was such power, the benefits were improperly apportioned to the whole road, instead of the tracts of land occupied thereby and benefited by the drainage.

As to the first proposition, it is argued by counsel for the county that there is no provision in the act under which the organization of the district was perfected for the assessment of benefits to public highways; that such assessment could only be made under special statutory authority, and therefore the whole apportionment to the highways was and is void. We have been unable to find any direct authority in the act for the apportionment of benefits to highways as in the act of 1909 (Comp. St. 1909, ch. 89, art. IV), under which the case of *Drainage District No. 1 v. Richardson County*, 86 Neb. 355, was decided; and, if such authority exists in this case, it must be drawn from some other source.

The provisions for the levy of taxes are contained in section 18 of the act of 1907 (laws 1907, ch. 153). It is enacted that the board of directors shall, each year, determine the amount of money to be raised for the payment of bonds and interest, as well as the amount to be raised for other purposes, "and shall apportion the same in dollars and cents to each tract benefited, according to the units of assessment" previously established. The levy is then certified to the county clerk, who extends the same upon the tax lists, to be collected in the same manner as other taxes. It is further enacted that "said drainage district may file claims against any county, city, village, railroad company, or other corporation, private or public, for the share of any annual apportionment to be paid by any such corporation, and, if the same is not paid, the same may be recovered by action in court." It is contended by appellant that no tax can be levied except by statutory authority, and that the foregoing does not confer such authority. We think it is true that legislative authority, express or necessarily implied, is a pre-existing

requirement for levying a tax. There can be no doubt but that a public highway through or over land where drainage is necessary would be benefited by such drainage. It is equally true that the whole traveling public, as well as a county, is interested in the maintenance of such highways in a passable condition. A public road is a unit for practically its whole length, and a limited number of impassable places therein may render it of little, if any, value to the public. The duty of maintaining the public highways in a usable condition is, in effect, imposed upon a county, notwithstanding that duty may be distributed to specific divisions or departments of such county. The public—the county—has an easement over the right of way which the law will protect, and which cannot be destroyed except by a relinquishment of that right by the public authority. So far as the right to the use of the easement is concerned, it is perpetual, except when so relinquished, and is, for all practical purposes, equivalent to a title. Hence, it is provided in section 7 of the act (laws 1907, ch. 153), referring to elections, that "any corporation, public, private or municipal, owning or having an easement in any land or lot may vote at said election, the same as an individual may." A public highway is an easement which may be benefited by the construction of the ditch. None but the owners of lands or easements within the district and subject to taxation are entitled to vote at the election, but all such owners are. Why? It must be that the legislature intended that all who were given the right to vote were given such right because their property would be subject to taxation, and hence they should have a voice in the question of the formation of the district. No other reason can be assigned. It follows as a necessary conclusion that it was the purpose of the legislature that easements, when benefited, should be subject to taxation, and that public corporations should be no exception to the rule, although a different method of collecting the taxes imposed upon them was provided. By a clear implication it is manifest

that it was the purpose of the legislature that easements held by the public should bear their proper share of the expense of the district in proportion to the benefits received.

As above stated, it is contended that there is error in the apportionment of units of benefit to the different highways within the district. This contention is partially met by what we have said above. The language of the statute (laws 1907, ch. 153, sec. 11), is that the board "shall apportion the benefits thereof to the tracts within said district which will be benefited thereby, on a system of units," etc. It is said in appellant's brief that the assessment "is inequitable and unjust, and does not conform to the standard of assessment made against the lands." From this it is argued that, as there is no provision in the law prescribing the method of assessing highways, the standard fixed for the assessment of the lands (tracts) should be applied, and the assessment upon the road by number is without authority. We are not aware that any specific definition of what shall constitute a "tract" is given in the law. We find none. Government descriptions need not necessarily be followed, although they may be if the benefits accrue to such descriptions as a whole. This being true, there is no hard and fast rule as to what should be included in a tract. If it is thought the better plan to assess each road by its recorded number, we can see no legal objection to doing so, since a number of units placed against each must conform substantially to the actual benefits which the road will receive. It can make no difference to the county whether the apportionment is made to the whole road or only a part thereof, so long as actual benefits only are thus apportioned. Hence, if the apportionment were actually erroneous in the matter complained of, it could not possibly work any prejudice to the county. Absolute and exact equality in such cases can never be attained. An approximation is all that is expected or required. It is sufficient if each tract or parcel of land bears approxi-

mately its share of the burden.  *State v. Several Parcels of Land,* 79 Neb. 638; *Allen v. Drew,* 44 Vt. 174; *Findlay v. Frey,* 51 Ohio St. 390.

Finding no reversible error in the proceedings, the judgment of the district court is

**AFFIRMED.**