(Nos. 11546-11547.—Reversed and remanded.)

The Shabbona Special Drainage District, Appellant, *vs.* The Town of Cornwall *et al.* Appellees.—The Shabbona Special Drainage District, Appellant, *vs.* The Town of Alba *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. Drainage—*special drainage district may assess special benefits to highways.* The right to assess special benefits to public highways and railroads benefited by a drainage system under section 40 of the Farm Drainage act is not confined to districts other than special drainage districts, but may be exercised by special districts without violating sections 9 and 10 of article 9 of the constitution.

2. Same—*manner of keeping drainage record by county clerk will not render the assessment void.* The fact that the county clerk was not present when proceedings were had for classifying the lands of a special drainage district and that he made up the drainage record by copying from the original documents filed with him does not make the record any less a drainage record kept by the clerk nor the acts of the commissioners any less their corporate acts, and the manner of keeping the record will not render the assessment void.

3. Same—*parties not appearing at meeting to classify lands in drainage district cannot object to error in the proceedings.* Parties who did not appear at the meeting to consider the classification of the lands of a drainage district and made no objection thereto cannot raise questions of mere error in the proceedings, and they cannot be heard, in a proceeding to collect the drainage assessment, to question the tax except upon the ground that it is void.

Appeal from the Circuit Court of Henry county; the Hon. Frank D. Ramsay, Judge, presiding.

Erman A. King, and Harry E. Brown, for appellant.

NELS F. ANDERSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the Shabbona Special Drainage District, is a special drainage district organized under the Farm Drainage act, embracing territory in four townships in Henry county, Illinois. In May, 1916, it brought separate actions of debt against the towns of Cornwall and Alba, two of the townships embraced in the district, to collect special drainage assessments for benefits to the highways of said townships. The amount of the assessment against the town of Cornwall was $410.76 and against the town of Alba $273.84. The causes were consolidated for hearing in the circuit court of Henry county and judgments were rendered in favor of defendants. From such judgments appellant has prosecuted these appeals.

The questions involved in the two cases being the same, the cases were consolidated for hearing in this court and will be disposed of in one opinion.

Appellant in the trial court introduced in evidence the original files and the drainage record showing the original classification made by the commissioners of the lands, highways and railroads in the district; the certificate of the county clerk, as clerk of the drainage district, of the notice given of the meeting of the drainage commissioners to hear objections to the classification; the record of such meeting; the corrected classification of the lands and the confirmation of such corrected classification; two certificates of levy, one for $17,500 and one for $6000, and also the tax list showing the apportionment of such levies among the lands, highways and railroads of the district, together with proof that appellees had not paid their respective assessments. Appellees successfully contended there, and insist here, that appellant is not authorized to assess townships for benefits to highways, and that such authority, if attempted to be conferred by statute, is unconstitutional; also

that the record kept by the commissioners is not such as is required by law to be kept and hence is not proof of the corporate acts of the commissioners; that the certificates of levy were not signed in the corporate name of the commissioners; that there was no record of a finding by the commissioners that an assessment was necessary; that the classification of the lands of the Chicago, Rock Island and Pacific Railway Company as farm lands instead of for benefits being fundamentally wrong, rendered void the entire assessment for benefits; and also that an unauthorized appeal to the county court from the classification of the drainage commissioners involving lands belonging to Anna C. Burrall, by which appeal the assessment on said lands was reduced, rendered the entire assessment void.

It is contended by the appellees that different classes of drainage districts are authorized by the statute, such as levee districts, township districts, union districts and special districts, the latter comprising territory situated in three or more towns in the same or different counties, (Farm Drainage act, sec. 49,) and that section 40 of the act confines the right to assess special benefits to highways to districts other than special drainage districts. Section 40 authorizes drainage commissioners to assess benefits to public highways and railroads benefited by the improvement and directs how the amount of benefits is to be determined. Section 52 provides the commissioners of special drainage districts shall have "like powers as herein conferred upon other drainage commissioners either by this act or other laws of this State." Section 59 does not restrict the authority of the commissioners to the assessment of benefits to lands other than public highways. The statute has been so construed and applied in *Commissioners of Highways* v. *East Lake Fork Special Drainage District,* 127 Ill. 581, *Illinois Central Railroad Co.* v. *East Lake Fork Special Drainage District,* 129 id. 417, *People* v. *Swigert,* 130 id. 608, and *Big Lake Special Drain-*

*age District* v. *Commissioners of Highways of Sand Ridge,* 199 id. 132.

It is insisted section 40, so construed, violates sections 9 and 10 of article 9 of the constitution. This question was settled contrary to appellees' contention in *Vandalia Levee and Drainage District* v. *Vandalia Railroad Co.* 247 Ill. 114. See, also, *North Fork Special Drainage District* v. *Rector Special Drainage District,* 266 Ill. 536.

It is objected by appellees that there was no evidence that the records offered in evidence by appellant to sustain the tax or assessment were of corporate acts, and that the assessment is void because the county clerk, who by statute is made *ex-officio* clerk of special drainage districts, kept no record of the acts of the commissioners. As we understand the record, appellant, after identifying the record of the district by the county clerk, offered it in evidence to prove the acts of the commissioners in determining the system of drainage, classifying the lands, determining the benefits to the lands, public highways and railroads, the per cent of benefits to be assessed against them, respectively, the levy of an original assessment of $17,500 and an additional assessment of $6000, which the certificate recited was necessary to complete the work. The trial court permitted the county clerk to testify, subject to appellant's objection, that he never met with the commissioners, and that the drainage district record was made by copying into it the documents filed in his office. The position of appellees is that it was the duty of the clerk to attend the meetings of the commissioners as well as keep a record of their corporate acts, and that copying into the drainage district record the documents filed with the clerk showing their corporate acts is illegal and renders the purported corporate acts invalid and the assessment dependent thereon void. It is undoubtedly true that a record of the acts of the commissioners is required to be kept, that the duty of keeping such record devolves upon the clerk, and that the corporate acts of the commis-

sioners are proven by the record. "It is not necessary that
the clerk keep it [the record] with his own hand or write
out the findings himself, but it must be his record." (*People v. Carr,* 231 Ill. 502.) It was not held in that case that
the clerk must actually be present at the meeting of the commissioners. In the case under consideration the record was
kept by the clerk, and showed the acts and proceedings of
the commissioners in classifying the land and public highways, the benefits they would receive, the per cent of the
assessment each should pay, based on benefits, the levy of
the assessments, and the certificates upon which the assessments were extended by the county clerk. If the clerk had
been present when the proceedings were had we cannot see
what more he would have put into the record. The original documents were filed with and kept by him and copied
into the drainage district record. The mere fact that he
was not present when the acts evidenced by the documents
filed with and copied by him in the drainage record were
performed does not make the record any less a drainage
record kept by the clerk nor the acts of the commissioners
any less their corporate acts. It is not claimed the commissioners did not, in fact, meet and take the action shown
by the record. Everything sought to be proved, from the
adoption of the system of drainage and classification to the
levy and extension of the assessment, was proved by the
record of the district kept by the clerk, and the manner in
which it was made and kept did not render the assessment
void.

It is also insisted the assessment is void because the certificates of levy were not signed in the corporate name of
the commissioners, and for the further reason that the record failed to show any finding was made of the necessity
for the tax by the commissioners. We do not think there
is any merit in this objection. The first levy was for
$17,500 and was addressed to the county clerk, and recited,
"the undersigned drainage commissioners of Shabbona Spe-

cial Drainage District in the county of Henry and State of Illinois" certify that the sum of $17,500 is required for drainage purposes, and directed that a special assessment or tax be levied on the land and property benefited in the said district. The certificate was signed by the three commissioners as commissioners of said district. The levy of $6000, after first reciting the previous levy of $17,500 had been inadequate to complete the proposed work, recited an additional tax or special assessment of $6000 was necessary and required. This levy was likewise addressed to the county clerk and was signed by the three commissioners as commissioners of the Shabbona Special Drainage District in Henry county and State of Illinois. The certificates were in the form required by section 62, under which the assessments were made, and were not governed by section 26. *People* v. *Bentley,* 268 Ill. 470.

Some other objections made by appellees we do not think are of a character to require discussion. Appellees did not appear at the meeting to consider the classification of the lands and made no objection thereto. They are therefore not in a position to raise questions of mere error in the proceedings. They cannot be heard in this proceeding now to question the tax except upon the ground that it is a void assessment. If there were, as contended by appellees, errors in the classification of other lands in the district and the Chicago, Rock Island and Pacific Railway Company right of way, it did not affect the tax which was assessed against appellees for benefits to public highways. Appellees cannot be heard to object to the payment of the assessments against them on the ground that a mistake was made in the classification of land of someone else.

The judgments are reversed and the causes remanded for further proceedings in conformity with the views herein expressed.                           *Reversed and remanded.*