[No. 2522.    July 12, 1921.]

## STRICKLAND v. ELLIOTT et al.

### SYLLABUS BY THE COURT.

1.  Chapter 31, Code 1915, as amended by Laws 1919, c. 156, furnishes a comprehensive and complete system of judicial procedure relative to drainage, adequate to the protection of every right and interest attaching to the ownership of land situated in a drainage district organized pursuant to the act, and all owners of such lands subject to the control of the drainage district, as organized, are parties to such proceedings and concluded by final decrees entered by the court having jurisdiction. Such decrees not being subject to collateral attack, the only remedy permitted to an owner aggrieved by such decree is by appeal seasonably taken to the Supreme Court.                                    P. 239

2.  Where the owner of land situated in and affected by a drainage district brings an action to exonerate the land from the assessment for benefits, and the lien attaching therefor, upon the allegations that the drain as designated in the survey or report filed, which formed the basis of such assessment, was not actually constructed, and that no drain was actually constructed that in any way benefited his land, such allegations do not state a cause of action, because such survey or report is not final upon filing, but is subject to modification until confirmed by the court.         P. 241

Appeal from District Court, Chaves County; Bratton, Judge.

Acion by A. A. Strickland against A. R. Elliott and others. From a judgment entered on plaintiff's refusal to plead further after the sustaining of a

demurrer to his amended complaint, he appeals. Affirmed.

C. O. Thompson, of Roswell, for appellant.

R. D. Bowers, of Roswell, for appellees.

## OPINION OF THE COURT.

RYAN, District Judge. This is an appeal from a final judgment entered in the district court of Chaves county upon plaintiff's refusal to plead further after an order made sustaining a demurrer to his third amended complaint; the demurrer being upon three grounds: (1) That the complaint failed to state a cause of action; (2) that there was a defect of parties defendant, in that the bondholders of the drainage district were not named as defendants; and (3) that two distinct causes of action were improperly joined and not separately stated and numbered.

[1] The allegations of plaintiff's complaint pertinent to the present inquiry are that the plaintiff is the owner of 140 acres of land situated in Chaves county; that the defendant the East Grand Plains Drainage District is a corporation organized in pursuance of the New Mexico Drainage Act (chapter 31, Code 1915); that the defendants Ellett, Miller, and Whitney are the commissioners of said drainage district; the defendant Davis is the treasurer of Chaves county; that the defendant drainage district was organized in conformity with and for the purpose designated in the statute controlling; that the drainage commissioners, after the organization of the district, made the survey for the assessment of benefits; that by such survey one of the drains to be constructed as shown upon the survey "was located through, across, and along plaintiff's lands and in such way, when, if installed as shown by the location of such survey, as would drain said lands and carry off the subwaters therefrom and thereby benefit plaintiff's said lands"; that upon the basis of

this survey, and the assessment sheets made therefrom and filed in court, the commissioners caused plaintiff's lands to be assessed for benefits; "that the only drain which would be beneficial to the lands of the plaintiff was the drain shown by such survey running through, across, and along the lands of the plaintiff as aforesaid, and on which the benefits to said lands were estimated as aforesaid;" that the commissioners completed all the work of constructing drains and outlets, but failed and refused to construct the drain designated in the survey above referred to, and that such drain as was actually constructed in no way yielded any benefit whatsoever to the plaintiff's lands.

Upon these allegation plaintiff prays that his land be exonerated from the lien of assessment; that the collection of the assessment be enjoined; and, in the alternative, prays that if such relief be not granted then the commissioners be ordered by the court to construct the drain across his land as designated in the survey or report filed.

Plaintiff, in substance, properly alleges, and the demurrer admits the truth of such allegation, that the drains and outlets actually constructed did not run across or upon his lands or affect the same, and yielded no benefit whatsoever to them. It is elementary that the foundation of the right to levy assessments is the particular benefit received by the land assessed; hence no assessment at all could be made where there is no benefit, 9 R. C. L. 653, and cases cited. But the question in this case involves, not the correctness of the principle invoked by the plaintiff, but his right to be heard urging it. This court has held in the case of In re Dexter-Greenfield Drainage District, 21 N. M. 286, 154 Pac. 382, analyzing and construing this same statute, as follows:

"The drainage law of New Mexico provides for a judicial proceeding from start to finish. It provides generally for

filing in the district court a petition, and sets forth what the petition shall contain, the requisite number of signers, and the number of acres which must be represented. It provides for a judicial hearing after due and proper notice, upon the question of the sufficiency of the petition, the constitutionality of the law, and the jurisdiction of the court, and if the petition is found sufficient the court appoints three commissioners to make a preliminary investigation and report, and upon this report the court declares the district established, and orders the commissioners to cause a survey to be made to establish assessments to. meet the cost of construction and make a report thereon, and upon the filing of this report, and the giving of notice as provided by the statute, the court considers the report of the commissioners as provided by the act, and particularly the question as to whether the benefits exceed the cost, and, after disposing of any remonstrances that may be filed, makes its order in the form of an ordinary decree, confirming or rejecting the report."

Whether, therefore, the lands of the plaintiff would receive any benefit adequate to a legal assessment from the construction of the drainage system proposed by the original survey (section 1877, Code 1915), or as proposed in the preliminary report of the commissioners (section 1903, Code 1915, as amended by chapter 156, Laws 1919), or as designated in the final survey (section 1915, Code 1915), upon which assessment for benefits was made, is a matter upon which full opportunity was afforded him to be heard. The decree confirming the final survey is a final decree by which he is concluded and is not subject to collateral attack; his remedy, if aggrieved thereby, being by an appeal to the Supreme Court. Section 1923, Code 1915; 21 N. M. 286, 154 Pac. 382.

[2] It is noted that the complaint of plaintiff finds no fault with the survey for the assessment of benefits, damages, and costs of construction made pursuant to section 1915, Code 1915, as such report or survey was filed. In fact, it is alleged by him that such survey, as filed, designated a drain to be constructed across his lands in such a way as to benefit them. Is this showing sufficient to entitle

him to any relief; it being taken as true that the drains actually constructed do not run across his land or in any way benefit it? The utmost alleged by the plaintiff construing the allegations of his complaint favorably to him is that the survey or report was filed and as filed designated the beneficial drain. The report is not final or conclusive on filing, but a hearing upon such filing of the report is ordered by the court on proper notice, at which hearing those interested or desiring to remonstrate may be heard.

"Upon the filing of said report, the court shall make and enter an order fixing the time and place when and where all persons interested may appear and remonstrate against the confirmations thereof, and the clerk of said court shall cause notice of the time and place of such hearing to be given to all parties interested, which notice shall contain a brief description of the lands benefited and damaged, together with the net damage awarded to the several tracts, parcels, easements and corporations to which damages are awarded, and the sum in each case assessed for construction against said several benefited parcels, tracts, easements and corporations." Section 1918, Code 1915.

And such report may thereafter be modified by the court.

"If the court finds that the report requires modification the same may by order of the court be referred back to the commissioners, who may be required to modify it in any respect." Section 1922, Code 1915.

At any time before confirmation of the report the commissioners may file a supplemental report.

"At any time prior to making the order confirming said report or thereafter the court may permit the commissioners to present and file a supplemental report, or amend their report as to any matter which, pursuant to the provisions hereof, was or might have been included in the original report presented by them, and after reasonable notice given to all parties interested, in such manner as the court shall direct, the court may, upon the hearing in said matter, make such order as the case may require." Section 1925, Code 1915.

The report is final only upon confirmation.

"If there be no remonstrance, or if the finding be in favor of the validity of the proceedings, or after the report shall have been modified to conform to the findings, the court shall confirm the report and order of confirmation shall be final and conclusive, the proposed work shall be established and authorized and the proposed assessments approved and confirmed, which approval and confirmation shall be final, unless within thirty days an appeal be taken to the Supreme Court." Section 1923, Code 1915.

And even after confirmation the court does not lose jurisdiction to modify the report of the commissioners upon notice.

"Said order of confirmation may, at the same or at any subsequent term of said court, be revised, modified, or changed, in whole or in part, on petition of the commissioners, after such notice as the court may require, to parties adversely interested." Section 1924, Code 1915.

This court so held in Stanley v. Wixon, 24 N. M. 499, 174 Pac. 200.

Upon the allegation, therefore, that the survey or report as filed designated a drain beneficial to the land, and that the drainage system as constructed did not benefit the land, it does not result that the plaintiff was deprived of any legal right. The report, as filed, may have been modified at the hearing (section 1922), or after supplemental report filed by the commissioners (section 1925), or after confirmation on the petition of the commissioners (section 1924). Nowhere does the complaint allege that the report designating a drain to be constructed across plaintiff's land was confirmed by the court. Were such the case, he had a very simple remedy by an application to the court to compel the commissioners to obey its decree.

In the absence of an allegation in plaintiff's complaint that the report finally confirmed by the court was disobeyed by the commissioners, it is presumed that the system of drainage actually constructed

and which formed the basis of plaintiff's complaint, in that such system carried no benefit to his land, was so constructed in conformity to a report or survey filed and confirmed by the court, and, this being true, a complete and exclusive remedy was available to plaintiff under section 1938, which is as follows:

"Any owner of land, or any interest in land, within a drainage district, who claims that his land in said district is exempt from liability for, or lien of any assessment for cost of construction or repairs, or any additional assessment by said commissioners levied against the same whether said assessments be the first or any subsequent assessment or questions the legality of such assessment, may at any time within thirty days after such assessment shall have been made and on ten days' notice to such drainage commissioners appear before the court having jurisdiction and show cause why said land should not be bound by all drainage assessments in any report or reports of the commissioners of said district assessed against the same. The presumption shall be in favor of the regularity of such assessments, and they shall stand as valid assessments unless the owner of such land, or some interest therein shall show that said assessment is inequitable, or is void because the lands were not subject to assessment in the first instance."

Plaintiff's complaint therefore reveals that he failed to pursue the procedure specified in the drainage statute and permitted himself without proper objection to be concluded by the final decree entered therein. He cannot thereafter assail such decree by a collateral suit, and it follows that the complaint fails to state a cause of action, and the action of the trial court in so holding was correct.

The complaint failing to state any cause of action, it is unnecessary to decide whether the bondholders should have been joined as parties defendant, or whether two distinct causes of action were improperly joined and not separately stated and numbered.

The judgment of the trial court will be affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.