# STATE ex rel. HAGERMAN DRAINAGE DIST. v STANLEY.

### (No. 2655, Feb. 6, 1923, Rehearing Denied April 4, 1923)

#### SYLLABUS BY THE COURT

(1) Chapter 31, Code 1915, which has been amended by chapter 156, Laws 1919, furnishes a comprehensive and complete judicial system with respect to drainage; it protects every right and interest of persons owning lands situated within a drainage district, and all such landowners are parties to the proceedings by which such districts are formed, the assessments made, and other matters with regard thereto.

P. 423

(2) Section 1918, Code 1915, being a part of said chapter, provides for a hearing upon such assessments, pursuant to notice, at which all persons interested may appear and remonstrate against any assessment. Section 1923, also being a part of such chapter provides that, when said report is approved and such assessments confirmed, the order of confirmation shall be final, unless appealed from within 30

days. Held, that, where such report discloses that the basis of such assessment is the benefits to be derived to each tract of land, a landowner cannot thereafter, and in defense to a suit brought to collect interest due upon such assessment, defend against the same upon the ground that the amount assessed against a given tract exceeds the sum actually expended thereon, as to sustain such contention, would change the basis of the assessment. P. 424

Appeal from District Court, Chaves County; Roswell, Judge.

Suit by the State on the relations of the Hagerman Drainage District against J. R. Stanley. From a judgment for plaintiff, defendant appeals. Affirmed.

E. S. Gibbany, of Roswell, for appellant.

Reid, Harvey & Iden and Curtis Hill, all of Roswell, for appellee.

## OPINION OF THE COURT

BRATTON, J., This suit was instituted in the court below to recover judgment for the taxes described in the delinquent tax roll of Chaves county for the year 1918, being taxes levied for the year 1917. Appellant answered and resisted the collection of a certain item of $652.75, being the accrued interest upon a drainage assessment due the Hagerman Drainage District against a certain tract of land belonging to him and situated within said district. He pleaded that the total assessment against said tract was $10,-552.47, that certain lateral drains upon said land contemplated by the original plans and specifications were omitted and not constructed; that his lands were thereby inefficiently and ineffectually drained; that the sum actually expended in constructing said drainage system upon such tract of land, including all incidental expenses, such as engineer's, commissioners' and attorney's fees, as well as court costs, did not exceed $5,000; that only about 50 per cent. of the amount assessed against said land was actually expended thereon, and that the remainder of such assessment had been used by said district for other

purposes or expended upon lands belonging to others; that to permit said assessment to be enforced would take his property for public use without just compensation, which would deprive him of such property without due process of law. He tendered into the court the sum of $325, which he asserted to be the amount of accrued interest upon the money so actually expended on said land, and prayed that the remainder of said interest be declared to be illegal and void.

The trial court made numerous findings of fact and conclusions of law. Among others it found that said drainage district had been duly, legally, and regularly organized; that after all things necessary had been done, and after due notice thereof had been given, the district court of Chaves county, on August 12, 1914, entered its final decree approving and confirming the report of the commissioners including the assessments therein made against the lands situated within said district, which included the disputed assessment; that appellant had notice of such time and place when said report would be so heard and determined by the court; that the report of said commissioners disclosed the method of assessment, which was that each tract was assessed according to the benefits which it would receive, based upon the character factor—that is, the fertility and value of the land when drained, the drain factor which means the extent to which the land was in need of drainage, and the outlet factor, depending upon the distance of the land from the outlet; that the total cost of construction was determined and each tract assessed with its proportionate share thereof; that certain tracts of land situated within said district contained no construction work whatever, but were thoroughly and efficently drained by reason of proximity of the drains on other lands, and by reason of drainage of lands upon higher levels from which drainage water had formerly flowed onto the same;

that the appellant's lands had been thoroughly and efficiently drained. Judgment was rendered against appellant for the full amount of said accrued interest, from which he appeals.

[1]   Chapter 31, Code 1915, which was in force at all material times herein, and which has since been amended somewhat by chapter 156, Laws 1919, furnishes a complete and comprehensive system of judicial procedure with respect to drainage. It affords adequate protection for every right or interest of the owners of lands situated therein, and every such landowner is a party to the proceedings instituted in the district court for the formation and organization of such districts, and is bound by such proceedings. Section 1918, Code 1915, provides that, after the filing of the report of the commissioners showing the assessments made against the several tracts of land, the court shall make an order fixing the time when and where all persons interested may appear and remonstrate, and the clerk shall give notice thereof. Section 1923 provides that, if there be no remonstrance, if the finding be in favor of the validity of the proceedings, or after the report has been modified to conform to the findings, the report shall be confirmed and that such confirmation shall be final and conclusive, unless appealed from within 30 days thereafter. Said section is in the following language:

"If there be no remonstrance, or if the finding be in favor of the validity of the proceedings, or after the report shall have been modified to conform to the findings, the court shall confirm the report and order of confirmation shall be final and conclusive, the proposed work shall be established and authorized and the proposed assessments approved and confirmed, which approval and confirmation shall be final, unless within thirty days an appeal be taken to the Supreme Court."

The final decree confirming said report and assessments was binding upon appellant concerning all matters and things then in existence and included therein. He is precluded and foreclosed to further question them

after failing to seasonably appeal therefrom. In re Dexter-Greenfield Drainage District, 21 N. M. 286, 154 Pac. 382; Strickland v. Elliott, 27 N. M. 238, 199 Pac. 1016.

[2] Appellant complains however, regarding matters which occurred after the final decree had been entered and were not adjudicated thereby, in this, that by the failure of the drainage district to construct upon his land all of the lateral drains contemplated in the plans and specifications, the amount of money actually expended thereon was less than the amount of the assessment, and that by reason thereof his assessment should be reduced to the sum actually expended upon his land. To otherwise express it, as we understand appellant, he contends that the assessment against each tract of land in a drainage district should be the same in amount as the sum actually expended thereon in the construction of the drainage system, plus its proportionate part of the incidental expenses. In this he is in error. The basis of the assessment was the amount of benefits to be, and which were calculated would be, derived. The total cost of the system in question was determined, the lands therein situated divided into 1C-acre tracts, and then each tract was assessed in accordance with the estimated benefits which it would derive. Each tract was assessed so that it would bear the same proportion to the total cost of construction as the benefits it derived bore to the total benefits to be derived by all the lands situated therein. It is obvious that a tract of land might be materially benefited by draining other lands adjacent thereto, even though no lateral drains were constructed thereon, while other lands which needed only slight drainage might be benefited very little, even though laterals were constructed over and across them. To sustain appellant's contention would revolutionize the entire basis of assessment upon which the district was organized and which was approved and confirmed by the court in its final

decree.  If he desired the basis of assessment changed, he should have presented the matter at the time it was before the district court for final confirmation. Having failed to do this, and becoming bound thereby he cannot thereafter make such contention in defense to a suit to collect the accrued interest due upon such assessment.

The judgment of the trial court is therefore affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.