[No. 2737.  Jan. 7, 1924.]

LAKE ARTHUR DRAINAGE DIST. v. BOARD OF COM'RS OF CHAVES COUNTY.

SYLLABUS BY THE COURT

1. The decree of the court confirming the report of the commissioners of a drainage district, as provided by the Drainage Act of 1912, is a final adjudication within the re-

220    SUPREME COURT OF NEW MEXICO

Lake Arthur Drain. Dist. v. Bd. Com. Chav. Co. 29 N. M. 219

quirements of the rule of res judicata, and is not open to collateral attack.

2. Special assessments on property for improvements. on the basis of benefits under the Drainage Act, are not taxes within the meaning of the exemption provisions of the state Constitution (article 8, § 3), and such assessments against public property are not unconstitutional.

3. The Drainage Act authorizes an assessment against a county for special benefits to the public highways of the county.

Appeal from District Court, Chaves County; Brice, Judge.

Mandamus by the Lake Arthur Drainage District against the Board of County Commissioners of Chaves County. From a judgment for plaintiff, defendant appeals. Affirmed.

Dillard H. Wyatt, Asst. Dist. Atty., and Ed. S. Gibbany, both of Roswell, for appellant.

Reid, Hervey & Iden, of Albuquerque (J. M. Hervey and Curtis Hill, both of Roswell, of counsel) for appellee. .

OPINION OF THE COURT

BOTTS, J.   Mandamus at the instance of Lake Arthur drainage district, appellee, against the board of county commissioners of Chaves County, appellant, to enforce payment of two annual installments of interest on a special assessment levied against said county under the Drainage Act for benefits to public highways. By its return to the alternative writ, the board attacked the legality of said assessment. The drainage district pleaded res judicata to the subject-matter of the return, setting up the final judgment in a previous similar suit between the same parties to collect a former year's installment of interest. The text of the final decree of the district court, by which the original assessment was approved and confirmed, as provided by the Drainage Act, had already been set up as a part of the petition for the writ. After hearing, the writ was made peremptory. Respondent appeals.

JANUARY TERM, 1923.            221

Lake Arthur Drain. Dist. v. Bd. Com. Chav. Co. 29 N. M. 219

[1] There is no longer any doubt but that the court's decree confirming the report and assessment made by commissioners, as provided by the act, is a final adjudication within the requirements of the rule of· res judicata, and is not open to collateral attack. State ex rel. Hagerman D. D. v. Stanley, 28 N. M. 420, 213 Pac. 770; Strickland v. Elliott, 27 N. M. 238, 199 Pac. 1016; In re Dexter-Greenfield Drainage District, 21 N. M. 286, 154 Pac. 382. And it has been held that a judgment in a suit for the collection of one installment of a special assessment is conclusive in a later suit for a subsequent installment of the same assessment, between the same parties, where the same questions arise. Markley v. People, 171 Ill. 260, 49 N. E. 502, 63 Am. St. Rep. 234.

Appellants seek to avoid the operation of the rule of res judicata by an attempt to demonstrate that the original assessment against the county and the decree of the court confirming it are void. It is, of course, elementary that a void judgment or decree is not a bar to subsequent litigation. 2 Black on Judgments, § 513; Caperton v. Hall, 83 Ala. 171, 3 South. 234; Gage v. Hill, 43 Barb, (N. Y.) 44. It is argued that the assessment approved and confirmed by the previous decree of the court is void for two reasons: (1) That by section 3 of article 8 of the state Constitution property of the county is exempt from taxation; and (2) that the drainage act contains no specific grant of authority to levy an assessment against a county.

[2] The first contention has been disposed of by a previous decision of this court (Lake Arthur Drainage District v. Field, 27 N. M. 183, 199 Pac. 112), where it was held that special assessments on property for improvements, on the basis of benefits under the Drainage Act, are not taxes within the sense of the exemption provisions of the Constitution. Such assessments on county property, therefore, are not unconstitutional.

[3] The second contention prompts an examination

of the section of the Drainage Act which authorizes the making of assessments for the cost of construction of the drainage system. After prescribing the preliminary steps necessary to effect the organization of a drainage district, the act, by section 1915 of the Code of 1915, prescribes certain duties of the commissioners appointed by the court in the preliminary stages of the organization, and by subdivision "third" of the section it is made their duty to determine what lands within the district will be injured by the proposed work and the amount of damages which should be awarded on account of such injury. By subdivision "fourth," they are required to determine what lands within the district will be benefited by the proposed work, and to assess against each tract or interest, by whomsoever held, the amount of such benefits. By subdivision "fifth," it is made their duty to determine and report the total amount that said proposed work will cost, including specified incidental expenses. By subdivision "sixth," if the cost of construction of any particular part of the work should be assessed upon any particular property or owner, the commissioners shall so specify and shall fix and determine the sums which should be so assessed. Subdivision "seventh," being the one under which the assessment was made and the one relied upon by appellant, is quoted in full:

"And if any corporation, individual or individuals, company or companies not incorporated, or public highway or highways would, in the judgment of said commissioners, derive special benefits from the whole or any part of such proposed work, the commissioners shall so report and assess those benefits and assess against the same its proportionate share of the costs of said proposed work. The word 'corporation' wherever in this act contained, shall be construed to include:
"1. Railroad companies.
"2. Other private corporations of all kinds.
"3. Towns.
"4. Cities.
"5. Villages; and
"6. Other drainage districts."

By subdivision "eighth," the commissioners are required to apportion and assess the part of the cost of

construction, not assessed as in subdivisions "sixth and seventh," against the several benefited tracts and interests in the district in proportion to the benefits which they have assessed against the same.

It is argued that, since a county is not included within the definition of the word "corporation," as used in subdivision "seventh," the assessment is not authorized, and, together with the decree of the court confirming it, is void. Appellant furnishes no assistance by citation of authority in support of this contention. Generally speaking, we should say that liability for such assessments would be the rule and exemption the exception, and if the county had been intended by the Legislature to be exempt from assessments, the exemption would have been stated and not left to implication. Furthermore, the fact that the makers of the Constitution, in specifically providing that property of a county should be exempt from general taxation, without providing an exemption from special assessments, would compel the contrary implication that no such exemption was intended; and, furthermore, if public property is to be exempted from taxation by implication, then section 3 of article 8 of the Constitution, by which such property is specifically exempted from general taxation is meaningless and useless. The very fact that the Constitution declares an exemption from general taxation in favor of public property is a recognition of the principle that, without such express exemption, such property would be subject to taxation along with private property. If it was necessary to make an express exemption in favor of public property from general taxation, surely was it necessary that there should be an express exemption if such property is to be free from special assessments for benefits. City of Kalispell v. School District, 45 Mont. 221, 122 Pac. 742, Ann. Cas. 1913D, 1101; In re Howard Ave. North, in City of Seattle, 44 Wash. 62, 86 Pac. 1117, 120 Am. St. Rep. 973, 12 Ann. Cas. 417; Hassan v. City of Rochester, 67 N. Y. 528; Roosevelt

224      SUPREME COURT OF NEW MEXICO

Lake Arthur Drain. Dist. v. Bd. Com. Chav. Co. 29 N. M. 219

Hospital v. Mayor, 84 N. Y. 108; Adams County v. City of Quincy, 130 Ill. 566, 22 N. E. 624, 6 L. R. A. 155.

It may be that what appellant is driving at, though by a roundabout way, is an application of the rule of expressio unius. While it is true that a county is not included within the definition of the word "corporation," as used in subdivision "seventh," it is also true that this assessment against the county was made for benefits to the public highways, and they are specifically included in said subdivision "seventh" as one of the subjects of assessment for special benefits. Now a public highway is not a legal entity, nor the subject of enforceable lien, and a mere assessment against such, without anything more, would be a useless procedure, something which we must assume the Legislature did not intend. On the contrary, the Legislature must have intended that an assessment for benefits to a public highway should be borne and paid by the entity having supervision and control of and charged with the duty of maintaining the particular highway benefited, and therefore such assessment against a county highway should be paid by and is authorized against the county. Other states seem to have similar statutory provisions which have been construed in harmony with the conclusion we have reached. Commissioners of Highways v. Commissioners of Drainage Dist., 127 Ill. 581, 21 N. E. 206; Ill. Cent. R. Co. v. Commissioners of East Fork Drainage Dist., 129 Ill. 417, 21 N. E. 925; Shabbona Special Drainage Dist. v. Town of Cornwall et al., 281 Ill. 551, 117 N. E. 990; Drainage Dist. No. 1 of Richardson County v. Richardson County, 86 Neb. 355, 125 N. W. 796; People ex rel. Coon Run Drainage and Levee Dist. v. Nortrup, 232 Ill. 303, 83 N. E. 843; Cuming County v. Bancroft Drainage Dist., 90 Neb. 81, 132 N. W. 927.

It is not contended here, if, indeed, it could be contended at this late day, that the highways against which the assessment was made were not county highways, and we must assume that they are under the

control and supervision of and subject to maintenance by the county.

It follows that the assessment involved herein is not void in the particulars assigned, that the county should pay the installments of interest sought to be collected by this suit, and that the judgment of the lower court should be affirmed; and

It is so ordered.

PARKER, C. J., concurs.

BRATTON, J., did not participate in this opinion.